UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ANDRES FRANCISCO-PEDRO,      )
                       )
          Petitioner,      )
                       )     No. 1:03-CV-47/1:01-CR-32
v.                      )
                       )     Judge Curtis L. Collier
UNITED STATES OF AMERICA,   )
                       )
         Respondent.    )

**M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Andres Francisco-Pedro ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Pursuant to the Court's Order (Court File No. 3), the United States filed a response (Court File No. 4). Petitioner did not file a reply. The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the reasons stated herein.

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:01-CR-32, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 1997 Petitioner was convicted in United States District Court, District of New Mexico, of Transporting Illegal Aliens, in violation of 8 U.S.C. 1324(a)(1)(A)(ii).  Petitioner was in the United States illegally at the time of his conviction and was deported by the Immigration and Naturalization Service ("INS") on August 10, 1998.  In February 2001, Petitioner was arrested for public intoxication and placed in the Hamilton County, Tennessee Jail.  While in jail, Petitioner was interviewed by an INS agent.  During this interview, Petitioner admitted he illegally re-entered the United States on October 15, 2000 (PSR ¶¶ 5-6).

On May 4, 2001, Petitioner pleaded guilty without benefit of a plea agreement to the only count of indictment charging him with illegally re-entering the United States after being deported in violation of 8 U.S.C. § 1326(a) & (b)(2) (Count I) (Crim. Court File No. 4; PSR ¶ 10).  On September 7, 2001 Petitioner was sentenced to a fifty-three month term of imprisonment (Crim. Court File No. 15).  His sentence was enhanced as a result of his prior "aggravated felony" for transporting illegal aliens (PSR ¶ 12).  A criminal judgment was entered on September 26, 2001 (Crim. Court File No. 16).  Petitioner did not appeal his conviction or sentence.

On February 7, 2003, Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Petition was timely filed within the statutory one-year limitation period.  28 U.S.C. § 2255(1).[2]

---

[2]28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

## II.    STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under

sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set

aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or is otherwise subject
> to collateral attack . . . .

28 U.S.C. § 2255.  This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden

of establishing any claim asserted in the petition.  *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir.

1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must

reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence

on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22,

123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  In order to

prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental

defect in the proceedings which necessarily results in a complete miscarriage of justice or an

egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000),

*cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d

---

movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence.

107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III.    DISCUSSION

Petitioner asserts four[3] grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends (1) the Court erred in imposing a sentence that exceeded the two year maximum under 8 U.S.C. § 1326(a); (2) the Court should have granted Petitioner a downward departure because aliens are treated harshly by the Bureau of Prisons; (3) the harsh treatment of aliens sentenced under 8 U.S.C. § 1326(b) violates the Equal Protection Clause; and (4) 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied to Petitioner (*See* Court File No. 1). A petitioner procedurally defaults a claim, with certain exceptions, by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not appeal his conviction or sentence and his claims do not fit into any recognized exceptions. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not

---

[3]As the Court will discuss later in this memorandum, Petitioner's claim that the Court erred in imposing a sentence greater than two years and his claim that § 1326(b) is unconstitutional are virtually the same. However, for the sake of clarity, the Court will address each of Petitioner's claims separately.

attempted to demonstrate "cause" or "actual innocence."

Nevertheless, the Court will proceed to address the merits of Petitioner's claims because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

### A. Imposing a Sentence of Fifty-Three Months

Petitioner first argues the Court erred in imposing a sentence of fifty-three months. Under § 1326(a), the maximum sentence for an alien who was deported who later illegally reenters the United States cannot, unless other portions of the statute apply, be imprisoned for "more than 2 years." *See* 8 U.S.C. § 1326(a). However, when a deportable alien is removed from the United States after a conviction for the commission of an aggravated felony, and again illegally enters the United States he may be imprisoned up to twenty years. 8 U.S.C. § 1326(b)(2).

Petitioner argues the maximum sentence under § 1326(a) should apply because his prior conviction for an aggravated felony is an element of the offense but was not pleaded in the indictment. Petitioner's argument is in the nature of an *Apprendi* claim. However, in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Supreme Court held facts *other than prior convictions* which operate to increase the penalty for a crime beyond the statutory maximum must be included in the indictment and proven beyond a reasonable doubt. *Id.* at 490. Further, in *Apprendi*, the Supreme Court expressly stated it was not overruling *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), which held a prior felony under § 1326(b)(2) is a sentencing factor, not an element of the offense. *Id.* at 490; *see also U.S. v. Aparco-Centeno*, 280 F.3d 1084, 1088-89 (6th Cir. 2002) (explaining an indictment does not have to include previous aggravated felonies under § 1326(b)(2)). Thus, since *Apprendi* does not apply to Petitioner's prior

conviction, the Court did not err in imposing a sentence greater than two years. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

### B. Downward Departure Due to Alien Status

Petitioner argues the Court should have granted him a downward departure due to his deportable alien status. Specifically, Petitioner claims his sentence should have been reduced because his deportable alien status makes him subject to harsher prison conditions.[4] Sentencing courts are permitted to impose a sentence outside the range established by the applicable guidelines if the court finds "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *see also* USSG § 5K2.0. However, although § 5K2.0 gives judges the ability to consider additional circumstances, the decision to make a downward departure is within the sentencing court's discretion. *See Koon v. United States*, 518 U.S. 81, 98 (1996). Therefore, Petitioner's challenge to his sentence on this ground cannot lie. The Court's failure to make a downward departure under § 5K2.0 is not an error of constitutional magnitude, it does not result in Petitioner being sentenced outside statutory limits, and it is not an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Weinberger*, 268 F.3d at 351.

Further, even if there was an alleged constitutional error, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), in *United States v. Ebolum*, 72 F.3d 35 (6th Cir. 1995), held deportable alien status is not a basis for downward departure when a sentence is imposed under a

---

[4] Petitioner points out he is ineligible for the drug treatment program, community or home confinement, and generally harsher conditions because he is imprisoned with non U.S. citizens.

guideline that applies primarily to aliens who are deportable. *Id.* at 38. The defendant in *Ebolum* was sentenced under USSG § 2L1.2 for a violation of 8 U.S.C. § 1326. The court reasoned the Sentencing Commission took deportable alien status into account when formulating USSG § 2L1.2 because this particular guideline "applies almost invariably to crimes, such as 8 U.S.C. § 1326, that may be committed only by aliens whose conduct makes them deportable." *Id.*

Here, exactly like the defendant in *Ebolum*, Petitioner was sentenced under USSG § 2L1.2 for violating § 1326. Therefore, the Court would not have given Petitioner a downward departure for his deportable alien status. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

      **C.**     **Equal Protection**

Petitioner also argues the disparate treatment of deportable aliens by the Bureau of Prisons ("BOP") constitutes a violation of the Equal Protection rights guaranteed by the fifth and fourteenth Amendments. The federal government may treat aliens differently from citizens so long as its distinctions have a rational basis. *Matthews v. Diaz*, 426 U.S. 67, 78-83, 96 S. Ct. 1883, 1890-93, 48 L. Ed. 2d 478 (1976). Federal statutes and BOP policies treating deportable alien prisoners differently from citizens are based on legitimate concerns regarding the heightened risk of flight and the fact deportable aliens will ultimately be deported, thus negating any interest in preparing them to "reenter" the community. *See Charry Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996); *see also Asad v. Reno*, 242 F.3d 702, 707 (6th Cir. 2001) (stating "[e]xpediting the process to remove convicted and deportable aliens from this country is a legitimate purpose...."); *Bazuaye v. Tombone*, 275 F.3d 44 (5th Cir. 2001) (stating equal protection claim must fail because the deportable alien defendant did not show "the restrictions on community-based [drug] treatment or early release are

7

irrational."). Here, Petitioner has not explained why the BOP policies are irrational. Thus, the policies survive rational basis scrutiny and Petitioner's equal protection claim fails. Accordingly, the Court will **DENY** Petitioner's request for relief based on equal protection.

> D.    **Constitutionality of § 1326(b)(2)**

Petitioner argues § 1326(b)(2) is unconstitutional on its face and as applied to his case. However, the Petitioner does not really articulate a reason as to why the statute is unconstitutional. Instead, he attempts to explain why the Court should sever § 1326(b)(2) instead of striking down §1326 in its entirety. The Court believes Petitioner is trying to argue § 1326(b)(2) is unconstitutional on its face and as applied because of the sentencing enhancing provision in § 1326(b)(2). Thus, it appears Petitioner is making his *Apprendi* argument again. Petitioner's facial and as applied arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005) (explaining defendant's argument that §§ 1326(b)(1) & (2) are facially unconstitutional and unconstitutional as applied was rejected by the Supreme Court in *Almendarez-Torres* and has been repeatedly rejected by the United States Court of Appeals for the Fifth Circuit).


## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a §

2255 motion.[5]  Section 2255 now incorporates the old habeas procedure of issuing or denying a

certificate of probable cause, now renamed a certificate of appealability.  No § 2255 petitioner may

appeal without this certificate.  District judges may issue certificates of appealability under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing

a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103

S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983).  *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063,

1073 (6th Cir. 1997).  "A certificate of probable cause requires petitioner to make a 'substantial

showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394.  *See also*

28 U.S.C. § 2253(c)(2).  The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial
> of [a] federal right," obviously the petitioner need not show that he should prevail
> on the merits.  He has already failed in that endeavor.  Rather, he must demonstrate
> that the issues are debatable among jurists of reason; that a court could resolve the
> issues [in a different manner]; or that the questions are "adequate to deserve
> encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v.*

*Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question

of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a

certificate of appealability.

---

[5]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions.  *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases).  Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure.  *Hereford*, 117 F.3d at 952.  If the motion is denied, the prisoner may renew the motion in the appellate court.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.


**/s/**
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**

10